**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF NORTH CAROLINA**

| | |
|---|---|
| TYMESHA ANTONIA PENDLETON,<br><br>Plaintiff,<br><br>v.<br><br>DUKE UNIVERSITY,<br><br>Defendant. | Case No. 1:25-cv-00056 |

**DEFENDANT DUKE UNIVERSITY'S CONSENT MOTION FOR EXTENSION OF DISCOVERY AND DISPOSITIVE MOTIONS DEADLINES**

Defendant Duke University ("Duke"), by and through its undersigned counsel, respectfully moves this Court pursuant to Rules 6(b) and 16(b) of the Federal Rules of Civil Procedure, and Local Rules 6.1(a) and 26.1(d), for an extension of its deadline to complete discovery and the deadline to file dispositive motions in this action. In support of its Motion, Duke shows the Court as follows:

1. On January 22, 2026, the Court adopted the parties' Joint Rule 26(f) report, setting a deadline of January 26, 2026, for the exchange of Initial Disclosures, setting a deadline of June 26, 2026, for the completion of discovery, and setting a deadline of July 27, 2026 for the filing of dispositive motions. *See* (ECF Nos. 27-28).

2. Plaintiff did not serve her Initial Disclosures by that deadline and did not respond to Duke's repeated follow-up requests.

3. On March 25, 2026, Duke served its First Set of Interrogatories and Requests for Production of Documents (the "Discovery Requests"). Plaintiff's responses were due on April 24, 2026.

4. Plaintiff did not respond to the Discovery Requests by the deadline, did not seek an extension, and did not respond to Duke's further attempts to follow up on the status of the Initial Disclosures and the responses to the Discovery Requests.

5. On May 14, 2026, Duke moved to compel Plaintiff's Initial Disclosures and discovery responses and for sanctions. (ECF No. 30).

6. On June 29, 2026, following a hearing, the Court entered a text Order granting Duke's motion to compel and ordered Plaintiff to serve her Initial Disclosures and discovery responses, including all responsive documents, by July 29, 2026. The Court also awarded Duke monetary sanctions.

7. On July 18, 2026, the Court entered a text Order extending the deadline for Duke to complete discovery, including taking Plaintiff's deposition, to September 28, 2026, and the deadline to file dispositive motions to October 28, 2026.

8. On July 29, 2026, Plaintiff served her Initial Disclosures and discovery responses and provided a link to her document production via a link that could not be accessed by Duke's counsel. The next day, Duke's counsel requested that the document production be resent. Duke's counsel followed up again requesting the documents on August 4, 2026. Plaintiff did not provide her document production to Duke in an accessible format until August 7, 2026.

9. Upon review, Duke identified numerous, significant deficiencies in Plaintiff's Initial Disclosures, discovery responses, and document production.

10. On August 20, 2026, Duke sent Plaintiff a letter detailing those deficiencies, requesting complete responses and supplementation by August 27, 2026, requesting Plaintiff provide a check to Duke for the awarded monetary sanctions, and requesting dates for Plaintiff's deposition in early to mid-September.

11. Despite Duke's letter, Plaintiff did not supplement her Initial Disclosures, discovery responses, or document production, and did not provide deposition dates by August 27, 2026.

12. Finally, on August 31, 2026, still having received no response, Duke proposed the possibility of extending Duke's discovery and dispositive motions deadline. Duke proposed this to Plaintiff in an attempt to allow Plaintiff additional time to comply with her discovery obligations and avoid burdening the Court with a second motion to compel in this matter.

13. On September 2, 2026, Plaintiff consented to the requested extensions without addressing her discovery deficiencies or the status of the sanctions check owed to Duke.

14. Accordingly, with Plaintiff's consent, Duke requests a sixty (60)-day extension of the discovery period to November 30, 2026, in order to obtain Plaintiff's supplementation, take Plaintiff's deposition, and pursue any necessary discovery arising from that supplementation or deposition testimony.

15. Duke, with Plaintiff's consent, also requests an additional seventy-five (75)-day extension of the dispositive motion deadline, to January 11, 2027, to allow time to review discovery obtained during the extended period and to avoid scheduling difficulties presented by the impending holiday season.

16. Good cause exists to grant this Motion, which is not submitted for purposes of delay, and Plaintiff consents to the relief requested.

17. Duke is submitting a proposed Order as an attachment to this Motion.

WHEREFORE, Defendant Duke University respectfully requests that the Court enter an Order:

a. Extending the discovery deadline from September 28, 2026, to November 30, 2026 to allow Duke to complete its discovery;

b. Extending the deadline to file dispositive motions from October 28, 2026 to January 11, 2027; and

c. Granting such other and further relief as the Court deems just and proper.

Respectfully submitted, this the 10th day of September, 2026.

K&L Gates LLP

/s/ *Brodie D. Erwin*

Brodie D. Erwin
N.C. State Bar No. 44368
Mason P. Butner
N.C. State Bar No. 60794
301 Hillsborough Street, Suite 1200
Raleigh, NC 27603
(919) 831-7031
brodie.erwin@klgates.com
mason.butner@klgates.com

*Attorneys for Defendant Duke University*

## CERTIFICATE OF SERVICE

I hereby certify that on this date this Motion for Extension of Discovery and Dispositive Motions Deadlines was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all attorneys of record.

This the 10th day of September, 2026.

/s/ *Brodie D. Erwin*
Brodie D. Erwin

*Attorney for Defendant Duke University*